UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HALE SR.,

       Plaintiff,

   v.

UNITED STATES,

       Defendant.

23-CV-299-LJV
DECISION & ORDER


On April 4, 2023, the pro se plaintiff, Michael Hale Sr., commenced this action against the United States under the Federal Tort Claims Act (the "FTCA").[1]  Docket Item 1.  Hale alleges that the United States Department of Veterans Affairs (the "VA") wrongfully denied him medical benefits.  *See id.*

On April 5, 2024, the United States moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or in the alternative, for summary judgment under Federal Rule of Civil Procedure 56.  A short time later, Hale responded.[2]  Docket Item 11.

---

[1] While Hale's complaint does not refer explicitly to the FTCA, he says that the federal basis for this suit is a "tort claim" and names only the United States as a defendant.  *See* Docket Item 1 at 1-2.  So this Court construes his complaint as asserting claims under the FTCA.  *See* 28 U.S.C. § 1346(b) (providing for certain tort actions to be brought against the United States); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (stating that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest" (citation, emphasis, internal quotation marks, and italics omitted)).

[2] The United States did not reply, and the time to do so now has expired.  *See* Docket Item 10.

For the reasons that follow, this Court lacks subject matter jurisdiction over Hale's claims and therefore dismisses his complaint without prejudice.[3]

## **BACKGROUND**[4]

On March 26, 2018, Hale—whom this Court assumes to be a veteran—underwent surgery on his "left foot and ankle."  Docket Item 9-2 at 3; *see* Docket Item 1 at 1.  The surgery had been "approved" by the VA, or more specifically, by the "VA Medical Center's Care in the Community Office" (the "VA Office of Community Care").  Docket Item 9-2 at 3 (italics omitted); *see* Docket Item 1 at 1.  It was performed by Dr. Jennifer Gurske, a doctor at "UB Orthopedics and Sports and Spine Medicine" in whom

---

[3] Because this Court lacks jurisdiction over Hale's claims, it does not reach the United States' alternative motion for summary judgment.  *See* Docket Item 9.

[4] On a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "a district court may consider evidence outside the pleadings."  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).  Accordingly, the following facts are taken from the complaint, Docket Item 1, and the copies of Hale's administrative claim and the government's denial of that claim filed by the United States, Docket Items 9-2 and 9-3.  *See McLean v. United States*, 2022 WL 976828, at *1 (S.D.N.Y. Mar. 31, 2022) (considering administrative claim records that were not submitted with complaint on motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)).  If the defendant presents "extrinsic evidence" that is "material and controverted, the district court [must] make findings of fact in aid of its decision as to [jurisdiction]."  *Katz v. Donna Karan Co.*, 872 F.3d 114, 120 (2d Cir. 2017) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)).

Here, Hale has not disputed the accuracy of the exhibits submitted by the government.  *See* Docket Item 11 at ¶¶ 1-2.  On the contrary, because the FTCA makes administrative exhaustion a jurisdictional requirement, his claims implicitly rely on the fact that he exhausted his administrative remedies.  *See* 28 U.S.C. § 2675(a) (providing that "[a]n action shall not be instituted [under the FTCA] . . . unless the claimant shall have first presented the claim to the appropriate [f]ederal agency"); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (holding that FTCA's exhaustion "requirement is jurisdictional and cannot be waived").

Hale "ha[s] the utmost confidence." Docket Item 9-2 at 3. Hale was "scheduled" for "follow[-]up treatment," and his "expected recovery time" was nine to twelve months. *Id.*

But despite previously having approved the surgery, the VA Office of Community Care "stopped paying the bill for [Hale's] surgery." *Id.*; Docket Item 1 at 4 (stating that VA Office of Community Care "failed to monitor [Hale's] medical file" after his surgery, which "left [him] with no care during [his] recovery period"). Hale was "notified of non-payment by the provider," and all his future follow-up visits with Dr. Gurske were "cancelled." Docket Item 9-2 at 3; Docket Item 1 at 4.

Because the VA Office of Community Care "reneg[ed] on [its] agreement to pay for [his] medical treatment," Hale was unable to access proper follow-up care. Docket Item 1 at 1, 4. This led to "extensive damage to [his] foot and ankle," which is "memorialized" in Hale's medical records. *Id.* at 4. Hale ultimately had to undergo a second surgery to address that damage. *Id.* at 3-4; Docket Item 9-2 at 3-4. And when Hale contacted the VA, it "did nothing to mitigate the damage to [his] foot"; in fact, it did nothing at all to help him. *See* Docket Item 1 at 4. He seeks $95,000 in damages and "a promise of future care, including outside the VA if necessary." *Id.* at 4.

On October 5, 2021, Hale filed an administrative claim with the VA based on its failure to pay for his medical care. Docket Item 9-2. On September 26, 2022, the VA denied Hale's administrative claim. Docket Item 9-3. Hale then filed this action, Docket Item 1; the government moved to dismiss the complaint or in the alternative, for summary judgment, Docket Item 9; and Hale responded to that motion as described above, Docket Item 11.

## **LEGAL PRINCIPLES**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'[F]ederal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986)).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* And "[a]lthough courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers, pro se litigants [still] must establish subject matter jurisdiction." *Panchitkhaew v. Long Island Jewish Med. Ctr.*, 2019 WL 1492780, at *2 (E.D.N.Y. Apr. 4, 2019) (internal citations, internal quotation marks, and italics omitted).

## **DISCUSSION**

The United States argues that this Court lacks jurisdiction over Hale's claims because "Congress has expressly precluded district courts from reviewing [veterans'

4

benefits] determinations" of the kind that Hale seeks to challenge here.  Docket Item 9-7 at 5-13.  For the reasons that follow, this Court agrees.

"Since Congress first legislated in the area of veterans' benefits over [80] years ago, it has consistently precluded judicial review of veterans' benefits determinations."[5] *Larrabee ex rel. Jones v. Derwinski*, 968 F.2d 1497, 1499 (2d Cir. 1992); *see Johnson v. Robison*, 415 U.S. 361, 368 (1974) ("No-review clauses . . . have been a part of veterans' benefits legislation since 1933.").  Under 38 U.S.C. § 511(a),

> [t]he Secretary [of the VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

*Id.*; *see Sugrue v. Derwinski*, 26 F.3d 8, 10 (2d Cir. 1994).  In other words, section 511(a) creates a general bar on judicial review of veterans' benefits determinations. *See Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005) (summary order).  Section 511(b) then carves out certain exceptions, providing that "the second sentence of subsection (a) does not apply to" certain civil actions regarding life insurance, housing, small business loans, and the rules and regulations that agencies must promulgate under the Freedom of Information Act.  38 U.S.C. § 511(b); *see Sugrue*, 26 F.3d at 11; *Brown v. United States*, 2011 WL 4439314, at *1 n.2 (W.D.N.Y.

---

[5] "From 1957 to 1991, the provision precluding judicial review of veterans' benefits determinations was codified at 38 U.S.C. § 211," and decisions from that period refer to that section.  *See Larrabee ex rel. Jones v. Derwinski*, 968 F.2d 1497, 1499 n.1 (2d Cir. 1992).  In 1991, "Congress . . . renumbered [t]itle 38 and the current version of section 211 now appears at 38 U.S.C. § 511."  *Larrabee*, 968 F.2d at 1499 n.1.

5

Sept. 23, 2011), *report and recommendation adopted*, 2011 WL 4809138 (W.D.N.Y. Oct. 11, 2011).

As amended by the Veterans' Judicial Review Act of 1988 (the "VJRA"), section 511(b) also provides for judicial review of veterans' benefits determinations in the Court of Appeals for Veterans Claims, an Article I court; the United States Court of Appeals for the Federal Circuit; and ultimately, the Supreme Court. *See Sugrue*, 26 F.3d at 11; *Larrabee*, 968 F.2d at 1501; *see also Conyers v. United States*, 2018 WL 1157754, at *6 (E.D.N.Y. Jan. 31, 2018) (explaining that VJRA "provides for a multi-tiered review of veteran[s'] benefits claims [that] . . . begins with an appeal to the [Board of Veterans' Appeals], the decision of which is solely reviewed by the Court of Appeals for Veterans Claims"; "[t]hose decisions are then appealable only to the . . . Federal Circuit, which is then subject to review in the United States Supreme Court" (internal quotation marks omitted) (citing, *inter alia*, 38 U.S.C. §§ 7104(a) and 7252(a))), *report and recommendation adopted*, 2018 WL 1157823 (E.D.N.Y. Mar. 2, 2018). In other words, section 511, as amended by the VJRA, "establish[es] an exclusive mechanism for appellate review of decisions of the Secretary [of the VA]" in a court different from this one.[6] *See Larrabee*, 968 F.2d at 1501; *Conyers*, 2018 WL 1157754, at *6 (explaining

---

[6] The VJRA creates an "exclusive mechanism" for challenging veterans' benefits determinations, but not all such determinations may be challenged through that channel. Indeed, the government argues that under federal law, determinations about "whether to authorize Community Care with non-VA providers 'shall be subject to the [VA's] clinical appeals process, and such decisions may not be appealed to the Board of Veterans Appeals.'" Docket Item 9-7 at 8 (quoting 38 U.S.C. § 1703(f)). Because Hale challenges precisely such a determination here, *see* Docket Item 1 at 1, 4, the government says that this Court "lacks . . . subject matter jurisdiction [over his claims] at two levels." *See* Docket Item 9-7 at 8, 12-13. This Court, however, need not reach the question of whether Hale's claims are doubly barred. For the reasons explained,

6

that "the [VJRA's] statutory scheme forecloses the possibility of review for disputed veterans['] benefits claims in any federal district court").

In *Johnson*, the Supreme Court held that section 511 precludes district courts from "review[ing] . . . those decisions of law or fact that arise in the [VA's] administration . . . of a statute providing benefits for veterans"—that is, decisions involving "the interpretation or application of a particular provision of the statute to a particular set of facts."  415 U.S. at 367.  But section 511 does not "preclude judicial cognizance of constitutional challenges to veterans' benefits legislation," the Court held.  *Id.* at 373.  The Second Circuit has explained that *Johnson* effectively "distinguished between attacks upon the statute as drafted," which district courts may entertain under section 511, and challenges to "the statute as applied," which they may not.  *See Larrabee*, 968 F.2d at 1500; *Sugrue*, 26 F.3d at 11.  And while section 511(a) does not bar constitutional claims, "the [district] courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."  *Sugrue*, 26 F.3d at 11 (collecting cases); *see Larrabee*, 968 F.2d at 1500 (noting that it is "clearly establish[ed]" that section 511(a) "precludes federal courts from hearing claims—even if draped in constitutional terms—seeking a particular type or level of medical care").

Further, just as the Constitution may not be used as a cloak, federal statutes "may [not] be used as a rhetorical cover to attack VA benefits determinations."  *Sugrue*, 26 F.3d at 11-12 (holding that plaintiff's "challenge [to] the VA's [decision] den[ying him]

---

section 511(a) prevents this Court from exercising jurisdiction over Hale's claims, and one jurisdictional bar suffices.

7

. . . a certain level of benefits . . . based upon a disputed disability rating" was barred notwithstanding his attempt to style it as a challenge under Fifth Amendment, Privacy Act, and Freedom of Information Act); *see Hassan*, 137 F. App'x at 420 (holding that section 511(a) "prohibited the district court from considering [the plaintiff's] constitutional and statutory challenges to the defendants' decision to expel him from a VA facility"). The FTCA is no exception: "[I]t is well[ ]settled that the United States has established the VJRA, and not the FTCA, as the exclusive statutory scheme under which to seek judicial review of claims involving veterans' benefits." *Schwingle v. United States*, 2022 WL 9462632, at *5 (W.D.N.Y. Oct. 14, 2022).

Courts in the Second Circuit have employed a "test [developed by the D.C. Circuit in *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000)] to determine whether . . . [an] FTCA [claim] constitutes a disguised collateral attack on a benefits determination."[7] *Conyers*, 2018 WL 1157754, at *7 & n.1; *Schwingle*, 2022 WL 9462632, at *6; *Philippeaux v. United States*, 2011 WL 4472064, at *4 (S.D.N.Y. Sep. 27, 2011). Under *Price*, "judicial review is foreclosed" when a claim "would require the district court to determine first whether the VA acted properly in handling [a plaintiff's] request for reimbursement [or a benefits determination]." 228 F.2d at 422; *Conyers*, 2018 WL 1157754, at *7.

Here, Hale asserts claims against the United States under the FTCA, alleging that the VA was "gross[ly] negl[igent]" and "fail[ed]" in its "duty of care[,] resulting in

---

[7] While the Second Circuit itself "has not explicitly [employed] th[e *Price*] framework," district courts within it have, and that framework is consistent—if not required by—the Second Circuit's decision in *Sugrue*. *See Conyers*, 2018 WL 1157754, at *7 n.1 (citing *Sugrue*, 26 F.3d at 11).

8

harm to [his] left ankle and foot." Docket Item 1 at 1. And he says that the department—specifically, the VA Office of Community Care—"failed to monitor [his] medical file during [his] recovery period[] post-surgery." *Id.* at 4. As the government points out, although Hale "attempts to cast this case as a tort action," he does not allege that anyone involved in this case was negligent in the provision of medical care itself. *See* Docket Item 9-7 at 5. In fact, his administrative claim states that he "ha[s] the utmost confidence" in the doctor who performed his surgery. Docket Item 9-2 at 3. And Hale also does not allege that the VA applied an unconstitutional statute—or indeed, that the VA violated his constitutional rights in any way. *See* Docket Item 1. Nor do his claims fall within any of section 511(b)'s exceptions to the jurisdictional bar. *See* 38 U.S.C. § 511(b); *see also* Docket Items 1 and 9-2.

Instead, Hale says that the VA failed to pay for his medical care following surgery. Docket Item 1 at 1, 3-4; Docket Item 9-2 at 3-4. That is, his complaint is that he suffered negative health effects because the VA Office of Community Care denied him certain medical benefits. Docket Item 1 at 1, 3-4; Docket Item 9-2 at 3-4. Thus, his claims boil down to "whether the VA acted properly in handling [his] request for reimbursement." *See Price*, 228 F.2d at 422; *Conyers*, 2018 WL 1157754, at *7. And those are precisely the sorts of claim that section 511(a) bars in courts like this one.

In *Conyers*, the court addressed the same issue in a context quite similar to the one here. There, a veteran sued the United States "under the FTCA for negligence, malpractice[,] and negligent hiring" based on the denial of "his [v]ocational [r]ehabilitation and [e]mployment . . . benefits." 2018 WL 1157754, at *1. The court found that "[t]he gravamen of [the plaintiff's] claims [we]re that [the d]efendant acted

9

negligently in assessing his fitness for [a] program, which caused him to suffer assorted personal injuries when he was denied access to self-employment assistance benefits." *Id.* at *8. Accordingly, "judicial review. . . [wa]s foreclosed by [s]ection 511(a)." *Id.*

Likewise, in *Brown*, a veteran asserted FTCA claims based on the fact that his "veteran's benefits were terminated" after "he had begun to have some dental work performed." 2011 WL 4439314, at *1. The court noted that the plaintiff "d[id] not allege any negligence with respect to the dental work." *Id.* "Instead, [his] claim [wa]s based upon the assertion that his veteran's benefits were wrongfully terminated before the entire dental procedure could be completed," requiring him to "attempt to obtain his own medical insurance to pay for the completion of the dental work" and leading him to "suffer[] pain during the . . . period in which the dental work was incomplete." *Id.* The court found that section 511(a) barred it from exercising jurisdiction. *Id.* at *2.

What was true in *Conyers* and *Brown* is true here. Hale attempts to cloak a collateral attack on a veterans' benefits determination in the guise of a tort claim, *see* Docket Item 1, precisely the kind of challenge that section 511(a) says that this Court cannot hear. So while this Court has sympathy for Hale's struggle to pay for his medical care, it has no "power to disregard [the] limits as have been imposed by . . . Congress." *Dupont*, 565 F.3d at 62. It therefore dismisses Hale's complaint without prejudice for lack of subject matter jurisdiction.[8] And because "better pleading w[ould] not cure" that defect, the complaint is dismissed without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

---

[8] Hale nonetheless may be able to appeal the denial of his medical benefits through the VA's clinical appeals process. *See* note 6, *supra*.

**CONCLUSION**

For the reasons explained above, the United States' motion to dismiss for lack of subject matter jurisdiction is GRANTED.  The Clerk of the Court shall close this case.

This Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals in forma pauperis is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal in forma pauperis should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure

SO ORDERED.

Dated:   December 26, 2024
            Buffalo, New York

      */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE